THE STATE OF CONNECTICUT *vs.* DORIS GRIFFITH ALIAS
DORIS GRIFFIN.

THE STATE OF CONNECTICUT *vs.* DORIS GRIFFITH ALIAS
DORIS GRIFFIN AND ELIZABETH TRIMBLE.

First Judicial District, Hartford, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The Act of 1907 (Chap. 238) prohibiting every one except a national
bank, a trust company chartered by this State, and a pawnbroker,
from charging or accepting interest on loans at a greater rate than
fifteen per cent per annum, and from accepting a note for a greater
amount than that actually loaned, with intent to evade the pre-
scribed interest rate, does not constitute a denial of the equal pro-
tection of the laws guaranteed by the Fourteenth Amendment to
the Constitution of the United States.

The provision of the Federal Constitution (Article I, § 10) that no State
shall pass any law impairing the obligation of contracts, has no ap-
plication to usurious contracts, which are very generally and
properly prohibited by statute.

Section 4 of the Act in question prescribes that any person convicted
of violating any of the provisions of sections one or two of the Act
shall be fined not more than $1,000. *Held* that the infliction of the
maximum fine for a flagrant violation of the statute could not
fairly be said to be so disproportioned to the offense as to justify
this court in treating the law as void, under the constitutional

provision of this State (Article I, § 13) prohibiting the imposition of " excessive fines."

The amount of a fine which the legislature may properly prescribe depends largely upon the object to be accomplished by its imposition, and the widest latitude is to be given to the legislative discretion and judgment in determining the amount which is necessary to accomplish that object.

Every presumption should be made in favor of the proper exercise by the trial court of its discretion in determining the size of a fine, the maximum amount of which it is within the power of the legislature to prescribe.

It is only in case of a plain conflict between a provision of the Constitution and an enactment of the legislature, that the courts will interfere.

Where appeals are taken in two cases standing on substantially the same facts, the printed record should contain the pleadings and judgment in each case, although one finding may answer for the two cases.

Argued January 5th—decided January 18th, 1910.

INFORMATION for loaning money and charging interest therefor in excess of fifteen per cent per annum, and for taking notes for amounts greater than those loaned, in violation of chapter 238 of the Public Acts of 1907, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Benedict M. Holden,* with whom was *Bernard F. Gaffney,* for the appellant (the accused).

*Hugh M. Alcorn,* State's Attorney, for the appellee (the State).

HALL, J. Section 1 of chapter 238 of the Public Acts of 1907, p. 838, forbids any person, or the agent of any person, with certain named exceptions, from directly or indirectly loaning money at a greater rate of interest than fifteen per cent per annum. Section 2 forbids any person, with intent to evade the provisions of § 1, from accepting a note for a greater amount than that actually loaned.

Section 4 prescribes that any person violating any of the provisions of §§ 1 or 2 shall be punished by imprisonment for not more than six months, or fined not more than $1,000, or both. Section 5 provides that no action shall be brought on any loan prohibited by the Act.

There were two informations against the accused Doris Griffith, one containing six counts, charging three violations of said § 1 and three violations of § 2, and the other, containing two counts, charging a violation of §1 and a violation of § 2. The jury found the accused guilty on all the counts of each information, and the court sentenced her to pay a fine of $1,000 on each count of the first-named information, and to imprisonment in jail for thirty days on each of the two counts of the second information.

In the reasons of appeal it is alleged that the Act upon which the information is based is rendered void by the provisions of § 1 of the Fourteenth Amendment, and of § 10, Article First, of the Constitution of the United States, and of § 13, Article First, of the Constitution of Connecticut.

We held in *State* v. *Hurlburt*, 82 Conn. 232, 72 Atl. 1079, that the provisions of the Fourteenth Amendment of the Federal Constitution did not affect the validity of this Act.

The provision of § 10 of Article First of the Federal Constitution, that no State shall pass any law impairing the obligation of contracts, applies only to legal obligations; to contracts imposing obligations which are capable, in legal contemplation, of being impaired; to contracts conferring rights which are recognized in courts of justice. It does not give validity to contracts which are properly prohibited by statute. *Trustees of the Bishop's Fund* v. *Rider*, 13 Conn. 87, 93, 94.

The contract, the enforcement of which is forbidden by § 5 of the Act in question, is one which might be properly prohibited by the legislature. Statutes prohibiting usurious contracts are for the prevention of extortion and unjust oppression by unscrupulous persons who are ready to take

undue advantage of the necessities of others. From an early date such statutes have existed in nearly every State in the Union. 29 Amer. & Eng. Ency. of Law (2d Ed.) 454. Legislatures exercise a legitimate power in enacting laws regulating the rate of interest to be taken on loans. *Chapman* v. *State*, 5 Ore. 432.

Section 13 of Article First of the Constitution of Connecticut provides that excessive bail shall not be required nor excessive fines imposed. The fines imposed in the present cases did not exceed those prescribed by statute. The accused was the agent of one Tolman, who was engaged in the business of money-lending in more than sixty places in the United States and Canada, and two of whose agents, as the accused knew, had been convicted of conducting business in this same office in Hartford in violation of the Act in question. Although the fine imposed seems very large, yet the circumstances of the commission of the offenses, perhaps not fully set forth in the finding, may have been such as to justify it. Assuming that the legislature had the power to prescribe such fine, every presumption is in favor of the proper exercise by the court of the power to impose it. The amount of the fine which the legislature may properly impose depends largely upon the object designed to be accomplished by the imposition of the fine, and the widest latitude is to be given to the discretion and judgment of the legislature in determining the amount of the fine necessary to accomplish that object. *Southern Express Co.* v. *Commonwealth*, 92 Va. 59, 22 S. E. 809; *Blydenburgh* v. *Miles*, 39 Conn. 484, 497. It is only in case of a plain conflict between a provision of the constitution and an enactment of the legislature, that the courts will interfere. *State* v. *Main*, 69 Conn. 123, 37 Atl. 80. We say in this case, as we said in *Blydenburgh* v. *Miles*, *supra:* "In looking at this record we are unable to say that the penalty is so disproportioned to the offense as to justify us in holding the law to be void."

The question of fact, which was clearly decisive of these cases, namely, whether the accused in good faith purchased the notes described in the informations, or whether the so-called purchase was a mere expedient to cover an actual loan, and to evade the provisions of the statute (*Belden* v. *Lamb*, 17 Conn. 441, 453), was fairly submitted to the jury.

The printed appeal record in these cases should have contained copies of the information and record of judgment in both cases.

There is no error.

In this opinion the other judges concurred.