## JOHN M. ROSS
*vs.*
## HENRY J. SCHADE, d.b.a. TRAVELERS REST

Superior Court     New Haven County     File No. 45347

MEMORANDUM FILED JANUARY 12, 1940.

*Earley E. Caple* and *Harry Watstein,* of New Haven, for the Plaintiff.

*George C. Conway,* of New Haven, for the Defendant.

DICKENSON, J.    Section 2271 of the General Statutes, Revision of 1930, provides that the prevailing party in any civil action shall be entitled to costs prescribed therein. Section 5670 provides that in any action founded on tort the plaintiff shall recover no more costs than damages if these shall not exceed $50.

A tort is defined to be a wrong independent of contract; "the performance of an act forbidden by statute...." Bouvier's Law Dictionary, Rawle's Third Revision. "A 'tort' is a private wrong, independent of contract; it is a breach of legal duty, as distinguished from a breach of conventional duty." "Generally 'tort' is infringement of right created otherwise than by contract." Words & Phrases, Fifth Series.

The complaint is based definitely upon a violation of section 5935 of the General Statutes, Revision of 1930, and not on common-law debt and the damages are those fixed by the statute.

The plaintiff's argument that *Blydenburgh vs. Miles,* 39 Conn. 484, is authority for his claim for full costs is not tenable. The only reference to costs in that case is on page 497 where it is said: "The judgment for cost is authorized by Gen. Statutes, tit. 53, sec. 7." The judgment in that case was for $100 and it was decided before the present statute (which apparently first appears in the compilation of 1875), was in existence.

It is held that the action sounds in tort and costs are to be taxed under section 5670 of the General Statutes, Revision of 1930.