THE STATE OF CONNECTICUT *vs.* BARON J. TORKOMIAN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued October 15th—decided November 4th, 1931.

*John F. Tobin,* for the appellant (the accused DiStefano).

*Lawrence L. Lewis,* State's Attorney, with whom, on the brief, was *William B. Fitzgerald,* Assistant State's Attorney, for the appellee (the State).

PER CURIAM. The appellant, DiStefano, with two others was convicted of the crime of rape and was given an indeterminate sentence of fifteen to twenty-five years in the State prison. The sole ground of appeal is that this sentence was in violation of some constitutional guaranty. It was within the term of punishment fixed by the statute, which provides a penalty of imprisonment for not more than thirty years. General Statutes, § 6240. The appellant does not contend that the statute itself imposes a penalty beyond the power of the legislature to prescribe for this crime, but that the particular sentence imposed in this case was excessive in view of the nature of the crime and the circumstances involved in it. He seeks to present his claim of error upon the basis of the evidence, all of which he has had printed. The case was tried to the court and, in the absence of a finding, we do not know what facts involved in the crime affecting the defendant the trial court found proven and we are therefore in no position properly to pass upon the question sought to be presented. A cursory examination of the testimony, however, discloses that the three accused were found guilty of the crime of rape upon a young girl sixteen years of age, previously chaste, by means of the use of some drug which rendered her unconscious. The circumstances offered in evidence are sufficient to negative any claim that the trial court abused its discretion in imposing

the sentence which it did. The nature of the punishment was certainly not unusual in its character nor was it so excessive or disproportionate to the offense committed as to make it unreasonable, much less to shock the conscience. More severe penalties for the crime involved in this case have been upheld by other courts. *People* v. *Mundro*, 326 Ill. 324, 157 N. E. 167; *People* v. *Jagosz*, 253 Mich. 290, 235 N. W. 160; *State* v. *Swindell*, 189 N. C. 151, 126 S. E. 417; *State* v. *Dalrymple* (Mo.) 270 S. W. 675; *Collins* v. *State*, 181 Wis. 257, 194 N. W. 158; *State* v. *Beckner*, 197 Iowa, 1252, 198 N. W. 643 . There is nothing in the record which could serve as a foundation for a claim that there was a violation of any constitutional right of the defendant.

There is no error.