THE STATE OF CONNECTICUT *v.* RALPH MELE ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 4—decided February 7, 1939.

*Thomas R. FitzSimmons,* for the appellants (defendants).

*Abraham S. Ullman,* assistant state's attorney, with whom, on the brief, was *Samuel E. Hoyt,* state's attorney, for the appellee (state).

JENNINGS, J.   The defendants, Mele and Assuntino, appeal from judgments of guilty on the ground that the evidence does not support the finding and the finding  does not support the conclusion.   Certain rulings made during the trial and the length of the sentences are also the subject of complaint.

The finding, with such corrections as can be made therein, is as follows: The Whalley Theater, a small motion picture house, is located on Whalley Avenue in New Haven. It is provided with a burglar alarm serviced by the American District Telegraph Company. It was closed about midnight on March 20, 1938, and there was at that time no one in the theater. At 1.51 a.m. the burglar alarm was sounded in the company office and at 1.52 a.m. officer Cooke was directed by radio to go to the theater. He and McLaughlin, the company agent, arrived at the theater at about the same time. Officer Cooke went to the theater office where he found Assuntino and Mele in the office near a safe and two other defendants behind a door. There were two fully loaded revolvers on the floor in front of Mele and Assuntino; Mele was wearing gloves and there was another pair on the floor; on a table at the left were a lot of bars, flashlights and other implements of burglary, which, except for one flashlight, a screw driver and a wrench, were rolled up in a container. Entrance to the theater was gained by forcing the door to the balcony with a screw driver by the defendants, or some of them, acting in concert.

The finding is not subject to material correction in the respects requested by the defendants. The trial judge specifically found that evidence was offered in support of the principal claims of the draft-finding but also found that the evidence was false and was contrived by the defendants to escape a finding of guilt under General Statutes, § 6100.[1] The findings

---

[1] Sec. 6100. BREAKING AND ENTERING WITH VIOLENCE. Any person who shall, in the violation of any of the provisions of sections 6096, 6097 and 6098, use any personal abuse, force or violence, or threaten or intimidate any person, or have in his possession any key, picklock, jimmy or bit or other instrument of housebreaking or any explosive compound or mixture shall be imprisoned in the State Prison not more than fifteen years.

claimed to have been made without evidence related to the most sharply contested issue of fact in the case. The defendants claimed that one of them hid in the theater and after it was closed for the night admitted the others. The state claimed that the fire escape door was forced by a screw driver and that entrance was gained in that way. The attacks on the rulings made on the trial are all directed to securing an elimination of the finding that the door to the fire escape was forced. If several confederate together to commit a burglary and one of them gets inside a building without breaking and entering but, being there, opens the door to his confederates, all are equally guilty of breaking and entering. *Commonwealth* v. *Lowrey,* 158 Mass. 18, 19, 32 N. E. 940; 12 C. J. S., p. 673, § 9. The defendants were therefore guilty of breaking and entering on their own claims of proof, the rulings complained of are of no importance and the finding stands. The defendants claim, however, that, even on the finding as made, they cannot be held to have been guilty of a violation of General Statutes, § 6100, quoted supra. They cite the title of the section, "Breaking and entering with violence," and argue that the intent of the Legislature was to make possible more severe sentences when, and only when, breaking and entering is accompanied by acts of force or abuse against any persons on the premises. In order to so interpret the statute they claim, as they must, that the "or" must, in each instance, be read "and."

This statute was first passed as Chapter 215 of the Public Acts of 1907. Its title then read, "An Act concerning Breaking and Entering." This was changed by the revisers of the 1918 statutes to its present form. The title is therefore of even less significance than if this had been the original form and, in any event, is of aid only as to ambiguous statutes. *New York, N. H.*

& *H. R. Co.* v. *Orange,* 91 Conn. 472, 479, 100 Atl. 25; *State* v. *Faro,* 118 Conn. 267, 272, 171 Atl. 660. The obvious purpose of the statute is to make possible more severe sentences when breaking and entering occurs under any one of three situations: first, when personal abuse, force or violence are used; second, when any person is threatened or intimidated; third, when the perpetrator has in his possession certain implements or substances. To say that the "or" used between the respective clauses descriptive of these three situations should be read "and" is to give the statute a forced and unreasonable construction. The language is clear and free from ambiguity or doubt. There is, therefore, "no occasion to resort to other means of interpretation." *Swits* v. *Swits,* 81 Conn. 598, 599, 600, 71 Atl. 782; *Stamford* v. *Stamford,* 107 Conn. 596, 605, 141 Atl. 891; General Statutes, § 6568. The form is not unusual. General Statutes, § 6122. The defendants were guilty of breaking and entering and had in their possession the implements forbidden by § 6100. The conclusion that they were guilty of violating this section was therefore not only reasonable but the only possible conclusion from the facts found.

The defendants also claim that they have been subjected to excessive penalties. Since the terms of imprisonment were within the limits specified in the statute, we cannot hold that the trial court abused its very large discretion in imposing sentence. "It is simply an appeal for clemency made to a court which has no discretionary jurisdiction in the matter." *State* v. *Levy,* 103 Conn. 138, 148, 130 Atl. 96. See also *State* v. *Griffith,* 83 Conn. 1, 4, 74 Atl. 1068; *State* v. *Miglin,* 101 Conn. 8, 12, 125 Atl. 250; *State* v. *Torkomian,* 113 Conn. 785, 786, 156 Atl. 860.

The final assignment of error is based on the dis-

crepancy between the sentences imposed on the four defendants, the sentences of the appealing defendants being from twelve to fifteen and seven to ten years respectively and those of the other two from one to three years. The elements which enter into the fixing of the length of sentence after a finding of guilty are so numerous and many of them so intangible that even a marked differentiation between two or more defendants could rarely be held error as a matter of law. The statements of counsel on imposition of sentence often contain matters which either aggravate or mitigate the seriousness of the offense. The previous record of the defendant is usually considered. Since none of these essential factors are before us on this record, we cannot find that the large discretion, just referred to, was abused.

There is no error.

In this opinion the other judges concurred.