STATE OF CONNECTICUT *v.* PETER CHUCHELOW.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided November 7, 1941.

*Harry M. Albert,* with whom, on the brief, was *Michael V. Blansfield,* for the appellant (defendant).

*William B. FitzGerald,* state's attorney, with whom, on the brief, was *Walter W. Smyth,* assistant state's attorney, for the appellee (state).

PER CURIAM. After the conviction of the defendant of rape in a trial to the court, the trial judge, over the objection of the defendant, took judicial notice of the fact that the latter had been previously convicted of indecent assault in the same court, had appealed to this court, and that the appeal had not been decided. The court, in making this ruling, stated that the existence of the appealed conviction would not influence its disposition of the case. This limitation was unnecessary. The judgment was not vacated

by the appeal. General Statutes, Cum. Sup. 1939, § 1464e (b); *Deposit Bank* v. *Frankfort,* 191 U. S. 499, 511, 24 Sup. Ct. 154; *Shaffer* v. *State,* 124 Neb. 7, 10, 244 N. W. 921; *People* v. *Morlock,* 234 Mich. 683, 685, 209 N. W. 110. See also, for an extensive discussion of the wide field open to the trial judge in obtaining information, after conviction, relevant to mitigation or aggravation of the seriousness of the offense, *People* v. *Popescue,* 345 Ill. 142, 177 N. E. 739, 77 A. L. R. 1199. In the case of *State* v. *Adcock,* 194 S. C. 234, 9 S. E. (2d) 730, cited in note, 134 A. L. R. 1268, and relied on by the defendant, the other charges referred to at the time of sentence had not even been tried but it was held that, as the appellant's counsel had himself first commented on the facts involved in them and so had opened the door to the statements by the prosecutor, the trial court had the right to take them into consideration in imposing sentence.

The defendant also claims that the penalty imposed, not less than nine nor more than fifteen years in state's prison, was excessive. The term imposed being within the limits fixed by General Statutes, § 6240 (thirty years), this contention "is simply an appeal for clemency made to a court which has no discretionary jurisdiction in the matter." *State* v. *Levy,* 103 Conn. 138, 148, 130 Atl. 96. Furthermore, it appears to be fully justified by the facts found. *State* v. *Torkomian,* 113 Conn. 785, 786, 156 Atl. 860.

There is no error.