STATE OF CONNECTICUT *v.* HARRY W. HORTON.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 7—decided July 12, 1945.

*Charles R. Covert,* public defender, for the appellant (defendant).

*Otto J. Saur,* assistant state's attorney, with whom, on the brief, was *Lorin W. Willis,* state's attorney, for the appellee (state).

JENNINGS, J.   The defendant was convicted of statutory rape, was sentenced to not less than twelve nor more than fourteen years in state's prison, and has appealed.   Emily Kenneth, the complainant, was a sophomore in the Stamford high school, fifteen years of age and a virgin.   The defendant was twenty-eight years old and was living with his wife and three children, as the complainant well knew.   He knew the age of the complainant.   His brief states that "It is undisputed that the acts of intercourse between Emily Kenneth and Harry Horton occurred on or about the middle of September, 1944, on or about the 1st of October, 1944, and on or about the last of October, 1944, and at no other time."

The information laid the offense on or about October 16, 1944.   Time is not an essential ingredient of the crime of rape and it can be proved to have been committed at any time before the date of the information and within the period of the Statute of Limitations unless the date should become material in some way, as where a defense of alibi is to be made.   *State* v. *Munson,* 40 Conn. 475, 476; *State* v. *Ferris,* 81 Conn. 97, 99, 70 Atl. 587; Practice Book, § 306; and see *Hubert* v. *New York, N. H. & H. R. Co.,* 90 Conn. 261, 278, 96 Atl. 967.   The state made no formal election and the record is too indefinite to tie the convic-

tion to any particular one of the three offenses committed. It follows that a plea of double jeopardy interposed in the event of another prosecution for one of these offenses would be valid. The defendant has no present cause of complaint on this ground. *State* v. *Munson*, supra. The situation falls within the principle that "where the state is permitted to prove any and all similar offenses which have taken place within a designated period, without electing upon which offense it will rely, and can secure a conviction if the jury find that the defendant has committed any one of such offenses, an acquittal is a bar to a second prosecution for any specific offense committed within the designated period." *State* v. *Healy*, 136 Minn. 264, 270, 161 N. W. 590, L. R. A. 1917D, 726; and see 22 C. J. S. 419.

The underlying purpose of the appeal appears to be to have this court find that the imposition of so severe a sentence was an abuse of discretion. The defendant cites no case in support of his contention. Previous similar attempts have proved uniformly unavailing. *State* v. *Griffith*, 83 Conn. 1, 4, 74 Atl. 1068; *State* v. *Miglin*, 101 Conn. 8, 12, 125 Atl. 250; *State* v. *Torkomian*, 113 Conn. 785, 156 Atl. 860; *State* v. *Mele*, 125 Conn. 210, 214, 4 Atl. (2d) 336. They amount to no more than an appeal for clemency to a court which has no discretionary jurisdiction and which cannot disturb the sentence unless on the ground that the trial court has abused its discretion. *State* v. *Levy*, 103 Conn. 138, 148, 130 Atl. 96; *State* v. *Chuchelow*, 128 Conn. 323, 324, 22 Atl. (2d) 780. The seriousness with which the legislature regards the crime is indicated by the maximum sentence provided, thirty years. General Statutes, Sup. 1943, § 738g. The trial court heard the evidence and saw the parties.

It cannot be said that its discretion was abused on the basis of the facts which it found.

There is no error.

In this opinion the other judges concurred.