STATE OF CONNECTICUT *v.* ROBERT E. VAN ALLEN

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued April 14—decided June 9, 1953

40

*Ufa E. Guthrie,* for the appellant (defendant).

*Roger F. Gleason,* prosecuting attorney, for the appellee (state).

CORNELL, J. The defendant was charged with having violated § 2412 of the General Statutes in that he operated a motor vehicle upon a public highway in Hartford while under the influence of intoxicating liquor. He was tried to the jury, which returned a verdict of guilty. The defendant has appealed and has assigned error in the court's refusal to set the verdict aside, in a ruling on evidence, in other matters occurring during the course of the trial and in the imposition of a sentence of six months in the county jail.

We first discuss the ruling on evidence. On direct examination, the defendant testified that between 11 p.m. on June 9 and 1 a.m. on June 10, he had had two drinks, each consisting of a jigger of rum mixed with coca-cola. He also testified that he was not a drinker; that he knew when he began to get intoxicated and that he was not intoxicated in the early morning of June 10 but, on the contrary, fully comprehended what was going on. On cross-examination he reiterated these statements. The following examination then occurred: "Q.—Have you ever been drunk . . . ? A.—No, I haven't, no. Q.—Never been

drunk in your life? A.—No. Q.—Have you ever been convicted of being drunk?" When defendant's objection to this question was overruled, he then answered, "I have been convicted of being drunk . . . but that don't say I was drunk." Conviction of a crime prior to that for which the defendant is on trial may be shown by questions on cross-examination. *State* v. *English,* 132 Conn. 573, 579, 46 A.2d 121. Conviction of a prior crime offered in evidence to attack the credibility of a witness is admissible only if it be of a crime infamous in nature; a petty offense would not suffice. General Statutes § 7868; *Nicewicz* v. *Nicewicz,* 104 Conn. 121, 124, 132 A. 399. The offense of being "found intoxicated" is punishable by a fine of not more than $20 or imprisonment in a jail or house of correction for not more than thirty days. General Statutes § 8570. Since the maximum penalty is less than six months, the offense is not an infamous crime. *Drazen* v. *New Haven Taxicab Co.,* 95 Conn. 500, 508, 111 A. 861. Not being infamous, it was not admissible to attack the defendant's credibility as a witness.

There was no error, however, in admitting the question in the course of the state's cross-examination of the defendant, based upon his own statements in direct examination. *State* v. *Palko,* 121 Conn. 669, 677, 186 A. 657. The defendant's condition at the time he was arrested or very soon before that event was a material one. If there was evidence from which the jury properly could have found that he was then intoxicated to the required degree, such a conclusion would justify the verdict of guilty that was rendered. The burden of establishing that fact as an essential ingredient of the offense charged was, of course, on the state. However, in the course of his

direct examination, the defendant testified to the effect that he was at no time intoxicated in the early morning of June 10, when he was arrested. The defendant having himself thus definitely put in issue the question of his condition as to sobriety at that time, the state was entitled to cross-examine him as to the truth of his statement. This it proceeded to do without objection on behalf of the defendant, while the latter in substance reiterated his testimony given on direct examination and affirmed that he had not been drunk since "[w]ay back around about a year and a half ago, or a year ago," though still asserting he had never been drunk in his life. His answer to the question objected to, being to the effect that he had been convicted of intoxication, tended to contradict that testimony.

The defendant by taking the stand in his own behalf waived the privilege accorded him under the law as a person accused of a criminal offense and became as any other witness and subject to the same tests of cross-examination. "He therefore had rendered himself subject to cross-examination upon such acts of misconduct as indicate a lack of veracity." *State* v. *Palko,* supra. The circumstance that in the course of such cross-examination it incidentally appeared that the accused had been found guilty of another crime, whether serious or not, was no reason for its exclusion. Ibid.

The gravamen of the motion to set aside the verdict of the jury was the admission of the question at the trial, "Have you ever been convicted of being drunk?" Our conclusion as to the admissibility of the question disposes of this assignment of error. Since the question was admissible, no unfair harm could have resulted to the defendant. There was no error in the trial court's refusal to set the verdict aside. For

this same reason, there is no merit to the defendant's claim that the court suo motu should have declared a mistrial when the question was asked.

The defendant assigns error in the trial court's denial of his motion to amend the motion to set aside the verdict, claiming that this action of the court was arbitrary. The burden of the allegations of the motion was that one of the jurors was the surviving husband of Mrs. Della Fitzgerald Malley, who on February 26, 1939, died of injuries inflicted on her by a drunken driver of an automobile; that the defendant's counsel in a statement to the jury had said to the panel, "The prosecutor has suggested to you if you feel for any reason you cannot give this gentleman a fair and impartial trial, you should let that fact be known"; that to this inquiry none of the jurors made known any fact that would prevent him from giving the defendant a fair and impartial trial; and that Mr. Malley became foreman of the jury which rendered the verdict of guilty and later, in a conversation with the defendant's counsel, appeared to be greatly grieved by the death of his wife through the means described. The motion to amend was filed several weeks after the court had denied the motion to set the verdict aside and had entered judgment. Even if all of the allegations of the motion to amend are considered as true, they do not necessarily lead to the conclusion that the juror in question could not or did not sit impartially. The court's failure to grant the motion to amend a motion already decided constituted under the circumstances no abuse of discretion.

The information also charged the defendant with being a second offender in that on December 18, 1948, he was convicted of operating a motor vehicle while under the influence of intoxicating liquor or drugs

and sentenced to pay a fine of $105. When the defendant pleaded guilty to this charge, the court imposed a sentence of six months in the common jail of Hartford County. The defendant assigns error in this action, claiming that such sentence was arbitrary, unreasonable and an abuse of discretion. The sentence imposed was within the maximum prescribed for conviction of a first violation of General Statutes, § 2412, which prescribes a fine of not less than $100 nor more than $500 or imprisonment of not more than six months or both fine and imprisonment. For the second offense the statute requires the imposition of a jail sentence of "not less than sixty days nor more than one year." In view of these provisions, the sentence imposed upon the defendant not only was well within the statutory limits but also did not justify the defendant's criticism. The term being within the limits fixed by § 2412, the contention is simply an appeal for clemency to this court, which has no discretionary jurisdiction in the matter. *State* v. *Chuchelow*, 128 Conn. 323, 324, 22 A.2d 780. The sentence was not erroneous for the reasons stated.

Error is assigned in the court's action in considering, at the time sentence was imposed, the defendant's police record containing convictions of offenses other than a prior conviction of driving a motor vehicle while under the influence of intoxicating liquor. The record on appeal does not disclose the number or character of the offenses in this category. There is a "wide field open to the trial judge in obtaining information, after conviction, relevant to mitigation or aggravation of the seriousness of the offense." *State* v. *Chuchelow*, supra. In the instant case, no fact appears to give countenance to any abuse of discretion on the part of the trial judge in imposing sentence. *State* v. *Horton*, 132 Conn. 276,

278, 43 A.2d 744; *State* v. *Pambianchi,* 139 Conn. 543, 548, 95 A.2d 695.

The claim that the sentence was erroneous for uncertainty is patently without merit. Since the court's ruling on evidence, as pointed out above, was correct, the defendant's further claims that the court erred in not declaring a mistrial because of error in admitting the evidence and in failing to caution the jury to disregard it call for no consideration. Further, as to the latter claim, since the record contains neither the charge nor any exception thereto, no basis is laid for it.

Other rulings on evidence complained of deserve no discussion.

There is no error.

In this opinion the other judges concurred.