STATE OF CONNECTICUT *v.* BARTOLOMEO LAPORTA

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, JS.

Argued December 2, 1953—decided February 2, 1954

*Nathan Rubin,* with whom was *Frederick S. Moss,* for the appellant (defendant).

*Abraham S. Ullman,* state's attorney, with whom was *Arthur T. Gorman,* assistant state's attorney, for the appellee (state).

WYNNE, J. The defendant was presented in the Superior Court on April 7, 1953, upon an information charging him with the crime of indecent assault. He was represented by the attorney who had appeared for him when he was arraigned in the City Court of New Haven. He entered a plea of not guilty and elected a jury trial. On April 22, 1953, he was again presented in court, his attorney having informed the state's attorney that he desired to change his plea. At this time the court accepted a change of plea to guilty. Thereupon the state's attorney stated to the court the facts and circumstances of the offense with which the defendant was charged, and counsel for the defendant was fully heard. At the conclusion of the statements the court imposed a sentence of imprisonment in the state prison for the term of not less than

four years and not more than six years. On April 28, 1953, through new counsel, the defendant filed a motion to open the judgment and vacate the sentence. This was taken under advisement by the court and on May 7, 1953, was denied.

Aside from the assignments of error directed at the finding, there are only two issues raised. They are (1) whether the judgment was erroneous in that the sentence was excessive and (2) whether the court erred in denying the motion to open the judgment. In connection with the latter, the defendant claims that the court refused to hear evidence on the motion, but the finding, to which we must look, does not disclose that such was the fact.

The sentence imposed was within the limits fixed by statute for the offense charged. General Statutes § 8359. We have no discretionary power in such a case except where a trial court appears to have abused its discretion. *State* v. *Van Allen,* 140 Conn. 39, 44, 97 A.2d 890. Here it would not appear that there was any abuse of discretion. *State* v. *Chuchelow,* 128 Conn. 323, 324, 22 A.2d 780. There is a wide field open to the trial judge in obtaining information bearing upon mitigation or aggravation of the seriousness of the offense. Ibid. The court had before it the details of the offense charged. It also had before it the serious consideration of the protection of society from similar offenses in the future. The proper limits of a court's responsibility have been repeatedly defined. *State* v. *Levy,* 103 Conn. 138, 148, 130 A. 96; *State* v. *Mele,* 125 Conn. 210, 214, 4 A.2d 336; *State* v. *Horton,* 132 Conn. 276, 278, 43 A.2d 744.

The finding of the court presents everything necessary for a determination of the final question raised on appeal. Nothing would be gained in making the

corrections sought. The situation would not be changed in any material way. The court's conclusion in the finding is that the defendant's plea of guilty was the free and understanding expression of his own wishes. This was ample reason to deny the motion to open the judgment.

There is no error.

In this opinion the other judges concurred.