STATE OF CONNECTICUT *v.* SILVIO MENDILL

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and COMLEY, JS.

Argued May 5—decided June 16, 1954

*Thomas F. McDonough,* with whom was *John W. Joy,* for the appellant (defendant).

*Douglass B. Wright,* assistant state's attorney, with whom, on the brief, was *Albert S. Bill,* state's attorney, for the appellee (state).

WYNNE, J. The defendant was convicted by a jury of the crime of receiving stolen goods. From the judgment rendered on the verdict he has appealed, assigning error in the charge of the court in one particular, where an exception was taken, in the examination of the veniremen upon the voir dire, in the denial of the motion to set aside the verdict, and in the imposition of too severe a sentence. The motion to set aside the verdict is pressed in brief and argument solely on the claims of error having to do with the court's charge and with the permitting of improper questions on the polling of the jury. It therefore requires no separate discussion. As made, this assignment of error was based on the ground that the verdict was not supported by the evidence. This claim was not argued, nor could it have been, because no appendix was filed. Practice Book §§ 447, 448.

The state claimed that it had proved the following: The store of Charles Booth at 273 Hillside Avenue, Hartford, was broken into on June 13, 1952, and about sixty cartons of cigarettes were stolen. As the result of an investigation by the police, Edward Oliver and John Irwin were arrested and admitted the crime. They were in court, still awaiting sentence, during the defendant's trial. They implicated the defendant as the one who had purchased from them the cigarettes taken from Booth's store.

The defendant claimed to have proved that he had no improper contacts with Oliver or Irwin and denied that he was a personal friend of either one. He claimed that Irwin came to his house to fix a

television set and denied that he had purchased cigarettes from him and Oliver.

On the voir dire, the assistant state's attorney asked each venireman questions designed to elicit whether sympathy would influence his verdict. In the questions, the assistant state's attorney assumed what the presiding judge would probably say in his charge on the subject of sympathy for a defendant or members of his family. Exceptions were taken to the court's rulings allowing this form of inquiry.

Section 7908 of the General Statutes provides for the examination of veniremen. It reads: "In any civil or criminal action tried before a jury, either party may examine each juror as to his qualifications to sit as a juror in such action, or as to his interest, if any, in the subject-matter of such action, or as to his relations with the parties thereto; and, if the judge before whom such examination shall be held shall be of the opinion from such examination that any juror would be unable to render a fair and impartial verdict, such juror shall be excused by the judge from any further service upon the panel, or in such action, as such judge may determine."

Questions addressed to prospective jurors involving assumptions or hypotheses concerning the evidence which may be offered at the trial or instructions which may be given by the court should be discouraged. The questions asked in the present case were harmless in effect, but all too frequently such inquiries represent a calculated effort on the part of counsel to ascertain before the trial starts what the reaction of the venireman will be to certain issues of fact or law or, at least, to implant in his mind a prejudice or prejudgment on those issues. Such an effort transcends the proper limits of the voir dire and represents an abuse of the statutory right of

examination. *Sherman* v. *William M. Ryan & Sons, Inc.,* 126 Conn. 574, 578, 13 A.2d 134; *Duffy* v. *Carroll,* 137 Conn. 51, 56, 57, 75 A.2d 33.

Whether the questions in which the assistant state's attorney assumed what the presiding judge might say in his charge on the subject of sympathy transgressed the proper bounds of inquiry was a matter for the court to decide, within the exercise of judicial discretion. There was no abuse of that discretion in the rulings made.

The court's comment as to the argument of counsel for the defendant that the two state's witnesses were "buying their way out" by testifying against the defendant was to the effect that it would be the court and not the state's attorney who would impose sentence upon them. This comment was not prejudicial.

The defendant's final claim is that the court erred in imposing too severe a sentence. The sentence, which was from one to four years in the state prison, was within the statute. General Statutes § 8403. We have repeatedly held that a claim of this character is simply an appeal for clemency made to a court which has no discretionary jurisdiction in the matter. *State* v. *Levy,* 103 Conn. 138, 148, 130 A. 96; *State* v. *Chuchelow,* 128 Conn. 323, 324, 22 A.2d 780; *State* v. *LaPorta,* 140 Conn. 610, 612, 102 A.2d 885; *State* v. *Horton,* 132 Conn. 276, 278, 43 A.2d 744; *State* v. *Mele,* 125 Conn. 210, 214, 4 A.2d 336. There is no merit to the claim of the defendant.

There is no error.

In this opinion the other judges concurred.