STATE OF CONNECTICUT *v.* RICHARD HARMON

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 6, 1959—decided January 8, 1960

*Sigmund L. Miller,* with whom were *Arthur H. Salvin* and, on the brief, *Charles Hanken,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

BALDWIN, C. J. On October 7, 1958, the defendant, represented by private counsel, was presented in the Superior Court in Fairfield County on an information charging him in two counts with robbery with violence. He pleaded guilty to both counts. Sentence was deferred pending an investigation and written report by the probation officer which were ordered by the court pursuant to No. 639 of the 1957 Public Acts, now §§ 54-109 and 54-110 of the General Statutes.[1] On October 29, 1958, a report signed by the probation officer was filed with the clerk of

[1] "Sec. 54-109. WHEN INVESTIGATION OF DEFENDANT REQUIRED. No defendant convicted for a first time in this state of a crime, other than first degree murder, the punishment for which may include imprisonment for more than one year, shall be sentenced, or his case otherwise disposed of, until a written report of investigation by a probation officer has been presented to and considered by the court, but any court may, in its discretion, order a presentence investigation for a defendant convicted of any crime or offense other than first degree murder. Whenever an investigation is required, the probation officer shall promptly inquire into the circumstances of the offense, the attitude of the complainant or victim, or of the immediate family where possible in cases of homicide, and the criminal record, social history and present condition of the defendant. All local and state police agencies shall furnish to the probation officer such criminal records as the probation officer may request. When in the opinion of the court or the investigating authority it is desirable, such investigation shall include a physical and mental

the court and copies were sent to counsel for the defendant. The defendant was presented for sentence on November 19, 1958. His counsel moved that certain portions of the report be deleted and attempted to call the probation officer to the witness stand to question him concerning the report. The court denied the motion and refused to allow the probation officer to be questioned. A copy of the report had been in the hands of counsel for more than two weeks. On the two counts against the defendant, the court imposed sentences which amounted, in the aggregate, to a minimum of five, and a maximum of ten, years in prison. The defendant has appealed. He claims a violation of his constitutional rights in that the report of the probation officer presented to the court was hearsay and that its use denied him the right to be confronted by witnesses and to cross-examine them. Conn. Const. Art. I § 9; U.S. Const. Amend. VI, XIV § 1.

The defendant was one of, and the apparent leader of, a number of young men who drove from Bridgeport to Danbury in two automobiles on the evening of May 26, 1958. There they held up and beat two young men and robbed them of their wallets. Later, by agreement, they met in the neighborhood of a gasoline station. The defendant, with a toy pistol

---

examination of the defendant. If the defendant is committed to any institution, the investigating agency shall send the reports of such investigation to the institution at the time of commitment.

"Sec. 54-110. REPORT ON PERSON WITH PRIOR CONVICTION. Notwithstanding the provisions of section 54-109, the court shall require a report as described in section 54-109 of any defendant convicted of a crime other than murder in the first degree, the punishment for which may include imprisonment for more than one year, whose record, as shown by the prosecuting official, discloses a conviction obtained prior to three years from the finding of guilty in the present prosecution."

and accompanied by two companions—the others waited nearby—entered the gasoline station, slugged the attendant and robbed him of $200. On the return of the group to Bridgeport, this sum was divided among them. The trial judge, at the criminal term at which the defendant was presented, had also disposed of the criminal charges against others who were accused of participating in these two episodes. See *State* v. *Pundy,* 147 Conn. 7, 156 A.2d 193.

In passing sentence after an accused has been convicted of a crime, the judge is allowed a wide discretion in the sources and types of evidence used to assist him in fixing the penalty within the limits prescribed by law. *Williams* v. *New York,* 337 U.S. 241, 246, 69 S. Ct. 1079, 93 L. Ed. 1337; *State* v. *Van Allen,* 140 Conn. 39, 44, 97 A.2d 890; *State* v. *LaPorta,* 140 Conn. 610, 612, 102 A.2d 885; *State* v. *Chuchelow,* 128 Conn. 323, 324, 22 A.2d 780. After the conviction, by trial or plea of guilty, the issue is not the guilt of the offender but, within the limits fixed by statute, the appropriate penalty to fit him as well as the crime. *Burns* v. *United States,* 287 U.S. 216, 220, 53 S. Ct. 154, 77 L. Ed. 266; *Pennsylvania ex rel. Sullivan* v. *Ashe,* 302 U.S. 51, 55, 58 S. Ct. 59, 82 L. Ed. 43; *People* v. *Johnson,* 252 N.Y. 387, 392, 169 N.E. 619; see *State* v. *Groos,* 110 Conn. 403, 412, 148 A. 350. The court is not held within the narrow limits of the rules observed in a criminal trial. *Williams* v. *New York,* supra, 247; *State* v. *Levice,* 59 Ariz. 472, 478, 130 P.2d 53; *Commonwealth ex rel. Hendrickson* v. *Myers,* 393 Pa. 224, 229, 144 A.2d 367; *State* v. *Carli,* 2 Wis. 2d 429, 440b, 86 N.W.2d 434, 87 N.W.2d 830; note, 77 A.L.R. 1211. If the court were, most, if not all, of the benefit which can be had from a presentence investigation and report would be lost to the convicted offender

and the state, and the legislative purpose of bringing our criminal procedure more completely in harmony with modern concepts of penology would be thwarted.

Under our practice, a defendant is not deprived of the right of challenging the statements made in the report. His counsel is furnished, as in the instant case, with a copy of the report in order that its contents may be made known to the defendant and an opportunity afforded him to explain or controvert the statements contained in it. See *Driver* v. *State,* 201 Md. 25, 32, 92 A.2d 570; *State* v. *Moore,* 49 Del. 29, 36, 108 A.2d 675. The manner and extent to which a defendant can avail himself of the opportunity must, of necessity, rest in the sound discretion of the sentencing judge. In the instant case, counsel admitted that he had not examined the report until the evening before the date set for sentence. He did not offer to call the defendant, or anyone else, to the stand to contradict or explain any statement in the report. He apparently sought to examine the probation officer on statements in the report which the defendant had not challenged. To have allowed counsel to do so would have been tantamount to inviting a lengthy excursion into collateral issues. Under the circumstances of this case, this would have been largely futile. The trial court did not abuse its discretion in refusing the defendant's motion to delete portions of the report or to permit cross-examination of the probation officer.

There is no error.

In this opinion the other judges concurred.