Each of the defendants is a minor and was presented in court on two separate informations *Page 216 
charging him with multiple violations of General Statutes § 53-126, entitled "wilful injury to . . . personal property," as follows: CR-11-133, Robert F. Nacsin, between the dates April 30, 1960, and February 21, 1961, sixty counts, set forth in a bill of particulars; CR-11-136, Robert F. Nacsin, between the dates May 23, 1960, and November 28, 1960, eight counts; CR-11-130, Jerome A. Filek, between the dates April 30, 1960, and February 21, 1961, twenty-eight counts, set forth in a bill of particulars; CR-11-138, Jerome A. Filek, between the dates May 23, 1960, and November 28, 1960, eight counts; CR-11-132, Kenneth J. Tellier, between the dates, May 4, 1960, and February 21, 1961, fifty-five counts, set forth in a bill of particulars; CR-11-137, Kenneth J. Tellier, between the dates May 23, 1960, and November 28, 1960, eight counts.
These defendants were arrested after a wave of vandalism struck the area of Windham and the surrounding countryside. This orgy of destruction was widespread and continued over a period of eleven months. The acts of the defendants consisted in driving about late at night in a motor vehicle operated by the defendant Nacsin, and throwing stones against the windows of parked motor vehicles, shattering the windshields and windows; throwing stones against and breaking the show windows of a gasoline station and two stores; throwing paint on parked automobiles; upsetting and damaging rural mailboxes; and breaking glass windows, light bulbs, and fixtures in a power plant.
Upon being questioned, when taken into custody, as to the reason for committing such acts, one defendant indicated that he enjoyed reading the reports of these events in the newspapers, and another stated that he could assign "no particular reason, just nothing to do." *Page 217 
Owing to the age of the defendants, the court, before imposing sentence, referred the cases to the family relations officer to conduct an investigation and file a report. Upon receipt of the report, the court sentenced each defendant to the state reformatory and then granted a motion to defer the execution of sentence for one week under bond. On the continuance date, additional counsel appeared and were heard by the court on motions to open the judgments and to modify the sentences imposed. The motions were denied. Each defendant appealed. The assignments of error are substantially the same in each case. Each defendant assigns error in the denial of his motion to open the judgments and modify the sentences in that he was not granted an opportunity to present evidence of his character and reputation and medical evidence in the nature of a psychiatric evaluation which he had suggested should be made. These motions were made subsequent to the date of the imposition of the sentences. The evidence that the defendants desired to produce would not in any way touch upon their innocence but related solely to the question of punishment. The nature of the evidence was such that it was available and could have been produced by the defendants at the time the court imposed the sentences. The court, in denying the motions, exercised a sound judicial discretion.
The defendants urge that the Appellate Division of the Circuit Court has the power to review a sentence imposed by the trial court — a power similar to that exercised by the Review Division of the Superior Court. This claim is without merit. The powers vested in the Appellate Division of the Circuit Court are specifically set forth in the statutes creating the court (General Statutes §§ 51-264,51-265), which, inter alia, provide that appeals from any final judgment are limited expressly to review *Page 218 
of errors of law. § 51-265. The sentence in a criminal case, if within the limits fixed by statute for the crime charged, will not be disturbed on appeal unless there was an abuse of discretion. State
v. LaPorta, 140 Conn. 610, 612. Where the penalty imposed is within the limits fixed by statute, a contention on appeal that it is excessive is simply an appeal for clemency to a court which has no discretionary jurisdiction in the matter. State v.Chuchelow, 128 Conn. 323, 324.
The defendants assign error in that the trial court failed to follow the recommendations of the family relations officer in imposing sentences on these defendants — who had no prior criminal record — in that the sentences were improper since the defendants were not persons "amenable to reformatory methods" within the meaning of General Statutes § 17-389. Any male person between the ages of sixteen and twenty-one years who is convicted of an offense for which he may be punished by imprisonment in a jail may be committed to the state reformatory if he appears to the trial court to be amenable to reformatory methods. Ibid. The defendants, following their pleas of guilty, were adjudged guilty of violating General Statutes § 53-126, which provides for punishment by imprisonment in a jail. The Circuit Court is authorized to sentence offenders to the reformatory. General Statutes § 17-391. A person is amenable to reformatory methods when, in the opinion of the trial court, he is found to be a person who will yield and submit to reform and it is reasonably probable that he will be reformed as a result of his being an inmate in the reformatory.
The trial court properly enlisted the aid of the family relations officer to make an investigation and report prior to the imposition of sentence. Cir. Ct. Rule 2.5.1. There is a "wide field open to the trial *Page 219 
judge in obtaining information, after conviction, relevant to mitigation or aggravation of the seriousness of the offense." State v. Chuchelow, supra;State v. Van Allen, 140 Conn. 39, 44. The trial court was not obliged to follow the recommendation of the family relations officer contained in the report concerning the sentences to be imposed by the court, and the failure to do so is not an abuse of discretion. The court had the details of the numerous offenses charged, and it also had before it the serious consideration of the protection of society from similar offenses in the future. State v. Levy, 103 Conn. 138,148.
The defendants further claim that the trial court erred in imposing the sentences in these cases because the informations contained multiple counts and the trial court in imposing the sentences failed to specify what the sentence was on each of the counts. Each defendant was presented on two separate informations, and each information contained multiple counts charging violations of the same statute. Each of the defendants, upon being put to plea on each information, entered a general plea of guilty to all of the counts contained in each information and not a several plea to each count, and the trial court treated it as such. In imposing sentence on each information, the trial court did not specify upon what particular count of each information sentence was being imposed. Where an accused is convicted on a number of counts, a general sentence, that is, one which is not expressly assigned to any particular count and does not specify the punishment imposed on the particular counts, is not invalid if the punishment thereby imposed does not exceed the maximum that could have been imposed for any single count.
In the instant cases, the trial court imposed a general or gross sentence which does not exceed the *Page 220 
maximum which could have been imposed had the same sentence been pronounced severally on each of the counts, the presumption being that the trial court intended to cumulate the punishment referable to the particular counts. An examination of each of the several informations discloses that as to each defendant against whom two separate informations were filed, the trial court signed the disposition on each information and indicated that the judgment was a sentence to the state reformatory for an indeterminate period. It is clear that the trial court imposed two separate sentences to the state reformatory on each defendant, but nothing is said in the judgments to indicate whether these separate sentences were to be concurrent or consecutive. The general rule is: Where a person has received two or more separate sentences to imprisonment in the same penal institution and the judgments contain no provision that they shall run consecutively, they will be held to run concurrently. Redway v. Walker,132 Conn. 300, 303. Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. Ibid.; Abt v. Walker,126 Conn. 218, 220. The sentences imposed were general sentences upon all of the counts of each of the respective informations and that the sentence to the state reformatory of each defendant in the two separate informations filed against each were intended to run concurrently. The sentences are not vague and uncertain.
The underlying purpose of the appeals in these cases appears to be to have the Appellate Division find that the imposition of the sentences by the trial court was an abuse of discretion. The sentences being within the limits fixed by the statute, the contention is simply an appeal for clemency to the Appellate Division, which has no discretionary jurisdiction *Page 221 
in the matter. State v. Van Allen, supra;State v. Chuchelow, supra; State v. Horton,132 Conn. 276, 278.
 There is no error.
In this opinion MONKIEWICZ and DALY, Js., concurred.