STATE OF CONNECTICUT *v.* ROBERT LYONS

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NOS. CR 7-10519, CR 7-10554

Argued February 6—decided April 28, 1967

*Alan M. Solomon,* of Meriden, for the appellant (defendant).

*Dennis F. Gaffney,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. On two informations, the defendant was charged with three separate counts of breach of the peace in violation of § 53-174 of the General Statutes. At the time of arrest in each case he was informed of his right to the assistance of counsel and his right to remain silent and was cautioned that any statement made voluntarily by him might be used in evidence against him. Appropriate forms, furnished by this court and acknowledging these warnings, were signed by the defendant. Upon his arraignment on October 10, 1966, he was further advised of his rights by the court, *Jacobs, J.;* and, because of the defendant's minority, his father was appointed as guardian ad litem. General Statutes § 54-199. The court also ordered a psychiatric examination of the defendant and continued the arraignment until the results of the examination were available. The psychiatrist's report was negative as to any abnormal mental condition. On November 10, 1966, the defendant appeared with his guardian and pleaded guilty to all three counts. He was not represented by counsel. The prosecutor then recited the facts concerning each of the charges. These appear in a transcript of the proceedings furnished by the defendant. They may be summarized as follows: On October 8, the complaining witness, a girl of eighteen years of age with whom the defendant had kept company for a few years while both were in high school, reported to the police that the defendant pulled a cross and chain ornament from around her throat and grabbed her by the arm, leaving a mark there. The incident occurred in a restaurant which the defendant had entered after seeing her there. He said he wanted to talk to her and she refused. On October 12, the defendant went to the place where the complainant

was employed, pulled her into a rest room and struck her on the head with his fist because she refused to talk to him. On October 16, the police were summoned to the Meriden Pizza Plaza because of an assault and battery committed on the same complainant. She told the officers that the defendant had grabbed her by the waist, forcibly carried her to his car, and tried to push her in. She screamed and attempted to free herself and at that point a couple of men came to her rescue and held the defendant until the officers arrived.

This factual recitation of the prosecutor, prior to sentencing of the defendant, was not materially disputed by the defendant or his guardian. The excuse for the acts complained of narrowed itself to the assertion that because of her parents' intervention the girl had broken up with the defendant and he was trying to win back her affections.

The sentence of the court on each count was confinement in jail for one year, execution suspended after thirty days and probation for two years, all sentences to run concurrently. On the afternoon of the day the sentences were pronounced, the defendant, through his present counsel, filed and was heard on a motion to open the judgments and to allow the defendant "to have a trial on the merits of his defense." The reasons assigned in support of the motion were that (1) at the time the defendant was arraigned he was not represented by counsel "and did not have an opportunity to adequately express himself" because of lack of counsel; and (2) "the defendant believes that he has a good defense to the action but entered a plea of guilty in an effort to dispose of the case in as an expedient manner as possible and to avoid the expense of a court trial and the retaining of counsel." No evidence was produced, and the hearing was limited to representations by and argument of counsel. The motion was

denied, and the present appeal is from the denial of this motion and from the sentences imposed. No finding was requested and none was made. There is no claim that error appears on the face of the record; Practice Book § 609; nor could such a claim be properly asserted. See *Gryskiewicz* v. *Morgan,* 147 Conn. 260, 261. In a proceeding such as this, where the only issue subject to review is whether the court's action amounted to an abuse of its legal discretion, a finding is invariably indispensable. That is particularly so where it is claimed that a defendant in pleading guilty did not understand the meaning and effect of his plea. *State* v. *Maresca,* 85 Conn. 509, 511.

The assignment of errors sets out that the court erred in the following respects: (1) The sentences imposed constituted excessive punishment under the circumstances; (2) the court erred in accepting guilty pleas when the defendant was not represented by counsel, and in imposing the sentences mentioned after the defendant made known to the court that he refuted the charges against him, (3) in failing to advise the defendant of the penalty to which he was exposed by the plea and finding of guilty, (4) in not informing the defendant before he was put to plea of the nature of the penalty which attached to the crime charged, and (5) in denying the motion to open the judgments and permit withdrawal of the pleas of guilty because the defendant had not understood the nature of the penalty involved and had good defenses to the crimes with which he was charged.

There was no evidence introduced as to any of the allegations of fact, and no finding was requested or made. See *State* v. *Torkomian,* 113 Conn. 785, 786; *Gryskiewicz* v. *Morgan,* supra. In *State* v. *Maresca,* supra, relied on by the defendant, a finding of facts was made by the judge who heard the

motion, after a full hearing, and from a denial of the motion to open the judgment an appeal was taken. See 123 Rec. & Briefs 761. The Supreme Court found error because the accused, an illiterate Italian, having but an imperfect knowledge of our language, appeared without counsel, although he had retained counsel, and could not be said to have realized the seriousness of the charges against him. Such is not the situation here. According to statements of defense counsel, the defendant had attended college and his father, who appeared with him as guardian ad litem, was intelligent, the charges were simple and readily understood by anyone, and there appeared no unfairness or overreaching on the face of the allegations as disclosed by such record as we have before us. See *United States ex rel. Farnsworth* v. *Murphy,* 254 F.2d 438, 444.

"Apart from legislation pertaining to specific proceedings, such as divorce or foreclosure [and application for and review by the Review Division of the Superior Court of sentences to prison for a term of one year or more or commitment to the Connecticut reformatory; §§ 51-194, 51-195 and 51-196], there is no statute in this state defining the power of a court to open or modify or vacate its judgments. The common law applies . . . ." *Cichy* v. *Kostyk,* 143 Conn. 688, 690. "It is true that where a court has the power to open a judgment, its action in doing so represents the exercise of legal discretion. . . . That action will not be disturbed on appeal unless it appears that the court acted unreasonably and in clear abuse of its discretion." Id., 697.

The defendant claims that the sentences imposed were excessive. They were within the limits fixed by the statute for the offenses charged. General Statutes § 53-174. "We have no discretionary power

in such a case except where a trial court appears to have abused its discretion. *State* v. *Van Allen,* 140 Conn. 39, 44 . . . . Here it would not appear that there was any abuse of discretion. *State* v. *Chuchelow,* 128 Conn. 323, 324 . . . . There is a wide field open to the trial judge in obtaining information bearing upon mitigation or aggravation of the seriousness of the offense. Ibid. The court had before it the details of the . . . [offenses] charged. It also had before it the serious consideration of the protection of society from similar offenses in the future. The proper limits of a court's responsibility have been repeatedly defined. *State* v. *Levy,* 103 Conn. 138, 148 . . . ; *State* v. *Mele,* 125 Conn. 210 . . . ; *State* v. *Horton,* 132 Conn. 276, 278 . . . ." *State* v. *LaPorta,* 140 Conn. 610, 612; see *State* v. *Nacsin,* 23 Conn. Sup. 214, 217, 1 Conn. Cir. Ct. 183, 186.

Although, as we have noted above, we are deprived of a finding made by the court, the certified transcript we have before us presents all that is necessary for a determination of the questions raised on appeal. The court could reasonably conclude, as obviously it did, that the defendant's pleas of guilty were the free and understanding expression of his own wishes. He deliberately chose not to engage counsel to save the payment of a fee. His present statement that he had good defenses to the crimes charged is vague and is contradicted by the unchallenged statement of facts as it appears in the transcript. The substance of the defendant's claim is simply that "he had no knowledge of the penalty that would be imposed . . . . Due process does not require that the state advise the accused of the possible legal effect of pleading guilty to a noncapital charge nor of the later consequences of such plea and conviction. *United States ex rel. Farnsworth* v. *Murphy,* 254 F.2d 438, 443 (2d Cir.)." *State* v.

*Florence,* 23 Conn. Sup. 176, 179, 1 Conn. Cir. Ct. 161, 164. The defendant stated that he had expected a fine upon conviction and not a jail term to be partly executed and to be followed by a period of probation. That presents no sound reason for opening the judgments and vacating the sentences.

There is no error.

In this opinion JACOBS and LEVINE, Js., concurred.