STATE OF CONNECTICUT *v.* FREDERICK SINICA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 10-24340

---

Argued April 1—decided May 10, 1968

*Joseph D. Harbaugh,* chief public defender, for the appellant (defendant).

*Arnold Markle,* chief prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted of the crime of pool selling, in violation of § 53-295 of the General Statutes, in a trial to the jury and has appealed, assigning as errors (1) the court's denial of a motion for a bill of particulars; (2) its denial of a motion to correct the finding; (3) its rejection of the defendant's attempt to correct the finding; (4) its rejection of the defendant's attempt to introduce handwriting samples of a witness; (5) its failure to declare, sua sponte, a mistrial; and (6) its denying the defendant the right to present mitigating factors prior to imposition of sentence. Several

police officers appeared for the state, while the defense offered one witness, the defendant's wife. In his brief and argument the defendant has pursued only three of his assignments of errors, which we hereinafter consider. *State* v. *Jones,* 124 Conn. 664, 665; Maltbie, Conn. App. Proc. § 327.

The defendant has filed a motion with this court requesting permission to amend his assignment of errors, to which motion the state has objected. Practice Book §§ 710, 1023. The issues involved were properly set forth in the defendant's assignment of errors and in his brief; however, through inadvertence the exhibit of the portion of the transcript necessary for a review of the issues was omitted. Because such exhibits are essential to a clearer understanding of the issues, we have, in departing from our usual practice, granted the motion and directed the clerk to make the matters appearing therein a part of the record.

On January 19, 1967, the defendant filed a written motion for a bill of particulars. The court granted the motion except as to the defendant's request to know "The section of the statute that the accused is alleged to have violated," which request was denied. In denying this request the court *(Hamill, J.)* stated, "[Y]our question only goes to the section of the statute, not to a part of the section, so that has been furnished, it's denied." Thus the defendant was clearly advised why this request was denied. He took no exception to the court's ruling, and he did not request either a new or a supplemental bill of particulars seeking clarification or greater particularity. Practice Book §§ 497, 800. In this respect the burden was upon him. *State* v. *Lockbaum,* 38 Conn. 400, 403. Instead, the defendant waited nine months until the day of the trial, October 25, 1967, when, following his plea of not guilty and after the opening

remarks had been made to the array, he orally requested the court to order the state to provide such information. In denying the motion, the trial court stated that it was untimely at that stage of the proceedings. The court undoubtedly had in mind the ruling laid down in *State* v. *Licari*, 153 Conn. 127, 130, in which it was stated that "any preliminary motion in a criminal case should be filed prior to a plea of guilty or not guilty, unless the grounds for the motion are not then known to, or reasonably ascertainable by, the accused." The court committed no error in applying this rule and in denying the motion.

Although this determination is dispositive of this assignment of error adversely to the defendant, one further consideration should be mentioned. The defendant was charged with the crime of pool selling in violation of § 53-295. This section is directed against that form of gambling known as pool selling, including bets or wagers on the result of any trial of skill, speed, or endurance. *State* v. *Rafanello*, 151 Conn. 453, 456; *State* v. *Fico*, 147 Conn. 426, 428. The instant case from its inception was tried upon the theory that the defendant was engaged in such practice, that is, pool selling in connection with horse racing. The bill of particulars which was filed by the state set forth that the defendant committed the crime of pool selling between December 1, 1966, and January 13, 1967, in Norwich and was apprehended while alone on January 13, 1967. Such information fairly apprised the defendant of the nature of the state's case, and if additional information was necessary a further request might have been made as heretofore considered. Furthermore, the defendant made no request to charge the jury and took no exception to the charge, so it may be presumed to have been correct and adequate as to the issues. *Dillon* v. *Tarantino*, 149 Conn. 377, 380.

The defendant further claims error in the rejection by the court of his offer to introduce handwriting samples of his wife, who was a witness for him. The state had introduced in evidence without objection a paper found at the defendant's home purporting to contain numerous horse-race bets. In offering the paper, the state made no attempt to identify the writer. The defendant's wife testified on direct examination that she had done the writing. The state had offered no evidence to the contrary. Thereafter, on her direct examination, she was requested to copy the first three lines appearing in the exhibit, to which demonstration the state objected. The court sustained the objection on the ground that her admission that the paper had been written by her had not been refuted by the state. The court's ruling was not erroneous. A writing made under these conditions would be in the nature of a self-serving act and admissible only at the instance of the adverse party. *Nelson* v. *Brady*, 268 App. Div. 226 (N.Y.); *First Galesburg National Bank & Trust Co.* v. *Federal Reserve Bank*, 295 Ill. App. 524; *Johnson* v. *Crown Finance Corporation*, 222 S.W.2d 525 (Mo.); *People* v. *Sauer*, 163 Cal. App. 2d 740, cert. denied, 359 U.S. 973; 29 Am. Jur. 2d, Evidence, § 810; 32 C.J.S., Evidence, § 617; 2 Wharton, Criminal Evidence (12th Ed.) § 586. There is authority to the contrary. 32 C.J.S., Evidence, § 617. It has been held that the court may, in exercising its discretion, order such a writing. *Ibid.* In support of his contention, the defendant cites *Smith* v. *King*, 62 Conn. 515, 521, and *Shakro* v. *Haddad*, 149 Conn. 160, 162. These cases are not controlling, for in each instance the specimen of handwriting was introduced in evidence by the adverse party on cross-examination.

Finally, the defendant assigns error in the denial of his right to present factors relating to the question of punishment. Such factors were confined to

the defendant's physical condition, and he maintains that he was entitled to present evidence of his complete medical background. A brief statement was made of his physical ailments, but the court ruled against the introduction of further evidence and stated, "No, the court does not have to consider that. It was up to the accused when he was given an opportunity to plead guilty." In support of his contention that such remarks can only be construed as indicating that the court was influenced by his election of a jury trial when it pronounced sentence, the defendant cites *Baker* v. *State*, 3 Md. App. 251. In *Baker*, the reviewing court remanded for the limited purpose of redetermining whether the length of sentence had been influenced by an impermissible consideration of similar crimes alleged to have been committed by the defendant for which he had neither been charged nor convicted, since such a consideration, if indulged in, could not be ascertained from the record. The record in the instant case does not support the contention that the court was motivated by passion, prejudice, ill will or any other impermissive motive. The factors the defendant sought to bring to the court's attention, over and beyond those described to the court, in no way related to the offense and were not relevant in mitigation or aggravation of the seriousness of the offense. *State* v. *Chuchelow*, 128 Conn. 323, 324. The term imposed by the court (nine months) being well within the limits fixed by General Statutes § 53-295 (not more than $1000 fine, or imprisonment for not more than one year, or both, for first offense), the defendant's contention is simply an appeal for clemency made to a court which has no discretionary jurisdiction in the matter. *State* v. *LaPorta*, 140 Conn. 610, 612; *State* v. *Van Allen*, 140 Conn. 39, 44; *State* v. *Horton*, 132 Conn. 276, 278; *State* v. *Levy*, 103 Conn. 138, 148. Furthermore, the defendant's record,

which was brought to the court's attention, consisted in part of two former convictions for violation of the gambling laws of this state, the last conviction being before the Circuit Court for pool selling in 1963. The sentence was not excessive.

There is no error.

In this opinion KINMONTH and MACDONALD, Js., concurred.