STATE OF CONNECTICUT *v.* ANONYMOUS (1973-2)*

APPELLATE DIVISION OF THE COURT OF COMMON PLEAS

MISSAL, J.  In a trial to the court, the defendant was found guilty of the crime of breaking and entering a motor vehicle with criminal intent.  General Statutes § 53-76.  He has appealed, assigning as the sole error that the court concluded on all the evidence that the defendant was guilty of the crime charged beyond a reasonable doubt.  Practice Book § 995.  Upon this assignment of error, we determine from the entire evidence whether the court erred in holding that guilt was established by proof beyond a reasonable doubt.  *State* v. *Salvaggio,* 152 Conn. 716, 717; *State* v. *Pundy,* 147 Conn. 7, 8.

There was competent evidence adduced to establish the following salient facts:  A witness, driving his automobile, observed two men, who were acting suspiciously, standing near a convertible motor vehicle.  The witness soon thereafter parked behind the car in question and at that time he observed that one person was inside the convertible and the other leaning against it.  At that time, the man leaning

---

ˣ Thus entitled, in view of General Statutes § 54-90.

against the car walked to a telephone booth seventy-five feet away and dialed a number. The man inside the car got out and walked away. The police were called and investigated. They found that the side vent of the convertible had been pried and the door opened. The cap over the ignition had been pulled off. No permission had been given to enter the car. The defendant was positively identified as the man who leaned against the car. The man who was inside the convertible was not identified, nor was he a witness in this case.

The state contends that all the evidence adduced, together with such inferences as the court was warranted in drawing from facts established, proved that the defendant was present when the crime was committed and that he was an active companion. If the defendant and the man inside the convertible had been acting in concert with a common purpose to break into the motor vehicle—even if the defendant was only a lookout for the other man—both would be equally guilty of committing the offense. *State* v. *Mele,* 125 Conn. 210, 213; *State* v. *Thomas,* 105 Conn. 757, 763; *State* v. *Scott,* 80 Conn. 317, 323; *State* v. *Gorman,* 22 Conn. Sup. 196.

The record does not contain a positive identification of the man who was seen inside the convertible or any reference to any relationship whatsoever between that man and the defendant. There is not a scintilla of evidence that the defendant, himself, had broken into and entered the motor vehicle. Hence, the only way the defendant could be implicated in this offense is to prove that he was an accessory of the man inside the car.

The trier was entitled to draw all fair and reasonable inferences from the facts established by the evidence, but the conclusions based on them must

not be the result of speculation and conjecture. An accused may not be convicted upon mere suspicion. The state must prove guilt beyond a reasonable doubt, that is, by such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the guilt of the defendant and inconsistent with any other rational conclusion. Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused. *State* v. *Decoster,* 147 Conn. 502, 505.

There was no evidence that the defendant had committed the crime, nor was there evidence of his being a confederate of the man who committed the crime. In the absence of such evidence, the conclusion of the trial court that the defendant violated the statute was unwarranted and invaded the realm of speculation and conjecture. One who is present when a crime is committed but neither assists in its commission nor shares in the criminal intent of its perpetration cannot be convicted as an accessory. 1 Bishop, Criminal Law (9th Ed.), p. 469. Mere presence as an inactive companion, passive acquiescence, or the doing of innocent acts which may in fact aid the one who commits the crime must be distinguished from the criminal intent and community of unlawful purpose shared by one who knowingly and wilfully assists the perpetrator of the offense in the acts which prepare for, facilitate or consummate it. *State* v. *Laffin,* 155 Conn. 531, 538 (dissenting opinion); *State* v. *Pundy,* 147 Conn. 7, 11; *State* v. *Enanno,* 96 Conn. 420, 425.

In the present case the evidence was not sufficient to prove beyond a reasonable doubt that the man who was seen inside the convertible and the defendant were acting, at the time, pursuant to a common purpose.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion MIGNONE and O'BRIEN, Js., concurred.