STATE OF CONNECTICUT *v.* PETER P. VENTURA, JR.
(4473)

BORDEN, DALY and BIELUCH, Js.

Submitted on briefs June 12—decision released July 15, 1986

*Peter P. Ventura, Jr.,* pro se, the appellant (defendant), filed a brief.

*John A. Connelly,* state's attorney, and *Peter D. Markle,* assistant state's attorney, filed a brief for the appellee (state).

PER CURIAM. The defendant appeals from the judgments of the trial court denying his motions[1] for correction of his sentences pursuant to Practice Book § 935.[2] Both the defendant, who appeared pro se in this appeal, and the state waived oral argument in this court. Accordingly, we have decided the appeal on the basis of the record and briefs. We find no error.

On October 7, 1983, the defendant, who was represented by private counsel, pleaded guilty under the doctrine of *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to two separate substituted informations. Each information charged him with one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a). Both counts involved violent and repeated sexual assaults on teenage girls, one of whom was the babysitter for the defendant's children. The second assault occurred while the defendant was free on bond on the first set of charges. The state agreed to recommend an effective sentence of not more than thirty years, and the defendant reserved the right to argue for a lesser sentence. At the sentencing proceeding on November 10, 1983,

---

[1] The defendant filed one motion under two different docket numbers. We treat this single motion as separate motions filed in each case.

[2] Practice Book § 935 provides as follows: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

the defendant's counsel requested an effective sentence of twenty years. The court accepted the state's recommendation, and imposed consecutive sentences of fifteen years on each information, for a total effective sentence of thirty years.

On February 27, 1984, the defendant filed pro se motions to correct his sentences pursuant to Practice Book § 935. After a hearing, at which the defendant was represented by the public defender, the court denied the motions. The defendant did not appeal.

In December, 1984, the defendant filed new pro se motions for correction of his sentences. After a hearing, in which the defendant was represented by the public defender, the court denied his motion in each case. This appeal followed.

The common gist of the defendant's motions in the trial court was that the probation officer who prepared the presentence investigation report after his pleas was biased against him and that certain of the information in the report was inaccurate.[3] The defendant's principal claim of error is that the trial court denied him an evidentiary hearing on his motion. The record belies his claim.

At the hearing on the defendant's motion, the defendant's counsel made an offer of proof of the testimony

[3] The balance of his motion was based on claims of fact, outside the record in this case, which purported to show that his counsel at the time of his pleas was ineffective. We discovered, at the time this appeal was submitted for decision on the briefs, that the defendant also has pending in this court an appeal from the denial by the trial court, *Kline, J.,* of a petition for habeas corpus based on that claim. The briefs have not yet been filed in that appeal. The trial court in this case, *DeMayo, J.,* properly confined its inquiry to the claims of the defendant other than those relating to his claim of ineffective assistance of counsel, which was being pursued by way of his habeas corpus petition. See *State v. Leecan,* 198 Conn. 517, 541–42, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

which he would introduce in support of the motion for correction of sentence. He suggested a procedure whereby the court would consider the offer of proof and, assuming its truth, would then set the matter down for an evidentiary hearing if the court determined that those asserted "facts" would support vacating the defendant's sentences and resentencing him on the basis of a new presentence investigation report. The defendant, through his counsel, the state and the court, agreed to this procedure.

The court, in a thoughtful and detailed memorandum of decision, decided that, based on the defendant's own offer of proof the alleged inaccuracies in the report which resulted from the claimed bias of the probation officer were within the defendant's knowledge prior to the sentencing and should have been challenged at that time. See Practice Book §§ 919 (1) and 925; *State v. Harmon,* 147 Conn. 125, 129, 157 A.2d 594 (1960). The court, being abundantly fair to the defendant, nonetheless examined the defendant's specific allegations of inaccuracies and determined that, even if established, they could not have reasonably affected the sentence which was imposed.

We have given the defendant's brief the full measure of leeway traditionally accorded to pro se parties, particularly criminal defendants. Moreover, we have fully examined the transcripts of the pleas, of the sentencing proceedings, of the hearing on the defendant's motions, and the trial court's memorandum of decision. A thorough examination of the entire record persuades us that the defendant's claims of error are without merit.

There is no error.