CHARLES A. WILSON *v.* WARDEN, CONNECTICUT
STATE PRISON

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 147031

Memorandum filed February 14, 1967

*Louis RisCassi,* of Hartford, for the plaintiff.

*John D. LaBelle,* state's attorney, for the defendant.

KLAU, J. The plaintiff was found guilty of the crimes of breaking and entering, § 53-76 of the General Statutes, and larceny, § 53-63 of the General Statutes, after a trial by jury in the Superior Court in Hartford County, and then was put to plea on the second part of the information on October 1, 1965, as a habitual offender; § 54-121 of the General Statutes; to which charge he pleaded guilty. Thereafter, he was sentenced under both parts of the

information on October 8, 1965, for a term of not less than five years nor more than thirty years.

The plaintiff was represented by counsel, and exceptions were taken by such counsel during the course of the trial. Part B of the information, to which the plaintiff pleaded guilty, recited that he had been twice convicted and sentenced and imprisoned in a state prison, namely: "On or about the 11th day of December, 1957, at the Superior Court holden in and for the County of Fairfield, the said Charles A. Wilson was duly convicted of Breaking and Entering; Habitual Criminal, and was sentenced to be confined in the Connecticut State Prison for a term of not less than three nor more than thirty years, and was thereafter imprisoned under said sentence; and the said Charles A. Wilson was on the 10th day of November, 1948, at Charlestown, Massachusetts, duly convicted of Breaking and Entering, and Larceny, and was thereupon sentenced to be confined in the Massachusetts Correctional Institution for a term of not less than five nor more than six years, and was thereafter duly imprisoned under said sentence, in violation of Section 54-121 of the Connecticut General Statutes, Revision of 1958."

I

The plaintiff alleges in the first count of his amended petition for habeas corpus that he was not represented by counsel at the time of the Massachusetts conviction of November 10, 1948. Among the exhibits admitted in this proceeding was a copy of the Massachusetts Criminal Docket No. 1408 in the case of Commonwealth v. Oren Phillips et al. (It should be noted that the docket contains the name of Oren Phillips, an alias used by the plaintiff, and for the sake of clarity and to avoid confusion the name of Oren Phillips will not be

used hereafter.) The docket does not contain the name of any attorney who appeared for or represented Wilson, the plaintiff, during this felony conviction. A letter from the trial judge further raises the question as to whether he was represented by counsel. The state in its brief concedes that the plaintiff was not represented by counsel in the Massachusetts trial. Accordingly, this conviction cannot stand. The plaintiff's trial and conviction on November 10, 1948, in Massachusetts without the assistance of counsel violates the fourteenth amendment to the constitution of the United States. *Gideon* v. *Wainwright,* 372 U.S. 335 (1963). There is no limitation on the retrospective application of the *Gideon* rule. *United States ex rel. Durocher* v. *LaVallee,* 330 F.2d 303, 310 (1964). The defendant raises the question whether the plaintiff has waived his constitutional right to counsel by pleading guilty to part B of the information long after *Gideon* v. *Wainwright* had been decided and at the time that he was represented by counsel. Waiver is the intentional relinquishment of a known right. *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938). There is nothing to indicate that plaintiff's counsel, at the time of plaintiff's plea of guilty to part B of the information, was aware of the fact that the plaintiff was not represented by counsel in 1948 in connection with the Massachusetts conviction, or that the plaintiff was fully aware of the legal implication of the doctrine of *Gideon* v. *Wainwright,* supra. See *Fay* v. *Noia,* 372 U.S. 391, 439 (1963). No waiver can be found, and the conviction on part B of the information as a habitual criminal cannot be sustained, since only one valid conviction remains under part B of the information.

The plaintiff is entitled to an order that he be resentenced in the Superior Court. There is no reason, however, why he should not be resentenced

as a second offender under § 54-118 of the General Statutes, since he was informed prior to the trial of his case, in accordance with the Rules of Practice (Practice Book § 487), by the clerk of the Superior Court of the contents of part B, which included a valid conviction and sentence for the commission of a felony by the Superior Court in Fairfield County on December 11, 1957, resulting in the plaintiff's confinement in the Connecticut state prison as above recited.

The case of *United States ex rel. Brown* v. *Reincke,* Civil No. 11,389, D. Conn. (Blumenfeld, J.), while appearing to void a Connecticut conviction of the plaintiff in that case as a habitual offender and ordering that he be returned to the Superior Court for resentencing as a first offender, is not contrary to the view herein expressed, although the opinion would appear to indicate that only one prior conviction was held invalid. Research and inquiry by the court indicate that both of the Maine convictions forming the basis for Brown's sentence as a habitual criminal were, for lack of counsel, declared invalid, and consequently the plaintiff was ordered to be resentenced only as a first offender. Nor is the decision of Judge Wright in *Jessie* v. *Warden,* Superior Court, Hartford County, No. 147350 (Oct. 14, 1966), contrary to the present order, since in that case, although only one conviction was held invalid, the plaintiff had already served a period in excess of the maximum for a second offender and hence there could be no resentencing again for any longer term.

The state's attorney is given leave to amend part B of the information and to set forth the conviction in Fairfield County of December 11, 1957, of which the plaintiff was advised by the clerk of the Superior Court prior to his plea of guilty to the

original information, and, accordingly, an order may be entered returning the plaintiff for resentencing in the Superior Court as a second offender in connection with his conviction for the crimes of breaking and entering and larceny, for which he was originally sentenced on October 8, 1965.

## II

The second count of the petition asserts that the plaintiff's present imprisonment is illegal and that he was deprived of the right to counsel under the sixth and fourteenth amendments and the due process and equal protection clauses of the fourteenth amendment to the federal constitution, and that he was prevented from effecting an appeal to the Supreme Court of this state of his conviction by the jury on October 1, 1965, for the crimes of breaking and entering and larceny. The evidence discloses that he was represented during the trial by private counsel. After his conviction and sentence to the state prison, and before the expiration of the time within which he could take an appeal, he wrote to his trial counsel, requesting him to take an appeal from this conviction, on the ground of errors committed in the course of the trial. His counsel replied, requesting a retainer fee which the plaintiff as an indigent was unable to provide. The plaintiff so informed his counsel and again requested him to file an appeal in his behalf, the statutory time for taking such an appeal having not yet expired. His counsel again refused to enter an appeal, but advised the plaintiff to request the sentencing judge to appoint counsel for him, as an indigent person, to take an appeal. The plaintiff received no reply to these letters. At all times, he sought to obtain counsel to effect an appeal. It is clear that the plaintiff, being without funds and confined to state prison, was unable to file an appeal

and obtain an appellate review of the trial which resulted in his conviction and sentence. It would appear that the case of *Douglas* v. *California,* 372 U.S. 353 (1963), wherein the court held that the denial of counsel on appeal to an indigent results in a denial of the constitutional rights enjoyed by him, is applicable. See also *Griffin* v. *Illinois,* 351 U.S. 12 (1955); *United States ex rel. Taylor* v. *Reincke,* 225 F. Sup. 985, 987 (1964).

The court finds that the plaintiff did all in his power to effect an appeal from his conviction and that he was frustrated in that end solely because he was an indigent. Under such circumstances, he is entitled to have the court appoint counsel at this time to represent him at his resentencing in the Superior Court as above ordered, and also to represent him in connection with any appeal he might wish to take. To this end, the court appoints his present counsel, Louis RisCassi of Hartford, to act as counsel to represent the plaintiff for such purposes. After the resentencing, if the plaintiff desires to take an appeal, it should be taken within the statutory appeal time, commencing from the date of resentencing.