STATE OF CONNECTICUT *v.* CHESTER BROWN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 9, 1967

*Igor I. Sikorsky, Jr.,* of Hartford, for the defendant.

*Otto J. Saur,* state's attorney, for the state.

BY THE DIVISION. On October 18, 1961, the defendant, then age thirty-six, was convicted by a jury of twelve of the rape of a girl fourteen years of age, and to a charge of being a habitual criminal he pleaded guilty. He was sentenced to not less than ten nor more than thirty years in state prison. This sentence was subsequently reviewed and affirmed. On June 1, 1966, the United States District Court, in a habeas corpus proceeding, ordered that the defendant be resentenced as if the defendant were a first offender. One of the two prior convictions alleged (both of which involved offenses committed in the state of Maine) was found to be invalid because the defendant was not represented by counsel. *United States ex rel. Brown* v. *Reincke,* Civil No. 11,389, D. Conn. *(Blumenfeld, J.).* On June 3, 1966, the defendant was resentenced as a first offender to not less than ten nor more than thirty years in state prison as of October 18, 1961. The sentencing judge said: "I don't see where there is any difference between what I would do and what Judge Thim did, even on a first offender case. The jury found him guilty of rape. The maximum is thirty years."

General Statutes § 53-238 provides that the maximum sentence for rape is thirty years. The maximum sentence under our second offender statute may be a term not exceeding double the term provided by law for such offense. General Statutes § 54-118. Our habitual offender statute provides for

a mandatory maximum sentence of thirty years when the offender has twice before been convicted, sentenced and imprisoned in a state prison or penitentiary. General Statutes § 54-121; see *Wilson* v. *Warden,* 26 Conn. Sup. 464.

The defendant has a most lengthy and sordid criminal record dating back to his early youth. His past history shows that when not confined he has led a most vicious, antisocial and rebellious life. Even disregarding the state of Maine convictions which were the subject matter of the federal habeas corpus proceeding, his past record is replete with serious offenses. In 1949, he was convicted and sentenced to serve three to six years in the state of Pennsylvania for robbery, and in 1957, three years in Virginia for rape.

Defendant's last crime, for which he was sentenced in this state, was the forceful rape of a fourteen-year-old girl of unfortunate background who was lured into his automobile on the pretense of taking her home. Instead of taking her home, the defendant drove to an isolated place in the town of Easton and committed the rape for which he was convicted.

Being presented as a first offender for sentence does not require the court to close its eyes to the kind of life the defendant has been living before the latest crime was committed. A sentence, after conviction, must be within the limits fixed by the statutes, but it must fit the defendant as well as the crime. The court is allowed a wide discretion in the sources and types of evidence used to assist it in fixing the penalty within the limits prescribed by law. *State* v. *Harmon,* 147 Conn. 125, 128.

The sentence is just and fair and should stand.

PALMER, BARBER and KLAU, Js., participated in this decision.